NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7056

RICHARD A. DANIELS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Alyson G. Barker, Howrey LLP, of Irvine, California, for claimant-appellant. Of counsel were Michael J. Stimson; and Pamela S. Kane, of Washington, DC

Kent C. Kiffner, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Christa A. Childers, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7056


RICHARD A. DANIELS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1317, Judge William A. Moorman.

_____

DECIDED: August 5, 2009

_____


Before LOURIE and RADER, <u>Circuit Judges</u>, and CLARK, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Richard A. Daniels appeals from the final decision of the Court of Appeals for Veterans Claims (the "Veterans Court") affirming the denial of his requests for higher disability ratings by the Board of Veterans' Appeals (the "Board"). <u>Daniels v. Peake</u>, No. 07-1317, 2008 WL 5111510 (Vet. App. Nov. 24, 2008). Because Daniels' appeal raises no issue within our jurisdiction, we <u>dismiss</u>.

_____

[*]   Honorable Ron Clark, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

BACKGROUND

Daniels served on active duty in the U.S. Navy from September 1990 to March 2000. He began having back problems in 1993, during service, and was diagnosed with "sciatica and degenerative disk disease and herniated nucleus pulposus at the L5 area." He also began experiencing knee problems, later diagnosed as tendinitis and patellofemoral syndrome. The Department of Veterans Affairs (the "VA") regional office granted service connection for his conditions in July 2001 and assigned a 20% disability rating for the lower back condition and a 10% disability rating each for the left and right knee conditions. Daniels submitted a notice of disagreement in June 2002, asserting that he was entitled to higher disability ratings. In November 2002, the regional office increased the disability rating for his back condition to 40%.

On appeal, the Board determined that the VA had complied with its duties to notify and assist Daniels under 38 U.S.C. §§ 5103 and 5103A. With respect to his lower back condition, the Board noted that the VA had amended the rating criteria for musculoskeletal injuries of the spine during the period of Daniels' appeal. After evaluating the evidence of record for his claim, relying primarily on an August 2004 VA medical examination, the Board determined that Daniels was not entitled to a disability rating higher than 40% under both the new and old rating criteria. The Board also determined that Daniels could not receive disability ratings higher than 10% for his knee conditions.

Daniels appealed to the Veterans Court, arguing that the Board had failed to ensure that the VA complied with its duty to assist. He asserted that because he had informed the VA that his back and knee conditions had worsened since the August 2004

examination, he was entitled to a new examination. Daniels also argued that the Board failed to provide an adequate statement of the reasons or bases for its decision because it did not address the former rating criteria applicable to his back disability. On November 24, 2008, the Veterans Court concluded that none of the evidence Daniels pointed to—a primary care report from several weeks after the August 2004 VA medical examination, the July 2005 MRI results, and an August 2005 Social Security Administration disability report—nor the mere passage of time could have reasonably apprised the VA that his condition had materially worsened. The Veterans Court also determined that even if the Board had applied the former criteria to his claim, he would not have been entitled to a higher rating because the 40% disability rating that Daniels received was already the maximum authorized under the former criteria.

Daniels timely appealed the Veterans Court's decision to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a decision of the Veterans Court is limited to the "validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a). We must decide "all relevant questions of law" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" that we find "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a

statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Except for an appeal that presents a constitutional issue, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In the instant action, Daniels fails to provide any argument that can serve as a basis for our jurisdiction. Although he indicates in his informal brief that the Veterans Court's decision involved the validity or interpretation of a statute or regulation, he does not then elaborate what statute, regulation, or rule of law relied upon by the Veterans Court was involved that could provide the basis for our jurisdiction or raise any legal arguments whatsoever in his appeal. Daniels also concedes that the Veterans Court decision did not decide any constitutional issues. What we can glean from Daniels' brief is that he argues that he should have received higher disability ratings. These are factual determinations or applications of law to fact, and we lack jurisdiction to review any facts or application of law or regulation to fact. 38 U.S.C. § 7292(d)(2). Additionally, we do not have jurisdiction to address his sole remaining argument, that the VA is not taking care of his medical needs, since that argument also presents an issue of application of law to fact.

Thus, Daniels' appeal does not challenge the validity of any statute or regulation or raise any constitutional issue that could form the basis for our jurisdiction. Accordingly, we dismiss.

## COSTS

No costs.